UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, EASTERN DIVISION

| | |
|---|---|
| ROBERT L. FELDER,             ) | |
|                               ) | |
| Plaintiff,                    ) | |
|                               ) | 07 C 6501 |
| v.                            ) | |
|                               ) | Judge Grady |
| CITY OF CHICAGO,              ) | |
| C. S. JOHNSON (#16589)        ) | Magistrate Judge Cole |
| C. BADY (#11453),             ) | |
|                               ) | JURY DEMAND |
| Defendants                    ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, the City of Chicago and Chicago Police Officers Louis Garcia and Richard Antonsen, ("Defendants"), by one of their attorneys, David Selmer, Assistant Corporation Counsel for the City of Chicago, for their answer, defenses, and jury demand to Plaintiff's Complaint, state as follows:

### JURISDICTION

1.      This is a civil action seeking damages against the Defendants for committing acts, under color of law, that deprived the Plaintiff, ROBERT L FELDER, of rights secured under the Constitution and laws of the United States, and the Constitution and laws of the State of Illinois and for refusing and/or neglecting to prevent such deprivations and denials.

**ANSWER:**      Defendants admit that Plaintiff brings the action as alleged, but deny liability.

The Parties

2.      At all times relevant herein, ROBERT L. FELDER was a resident of Chicago, Illinois (Cook County).

**ANSWER:**      Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3.      At all relevant times, The City of Chicago is a municipality that is incorporated

under the laws of the State of Illinois.

**ANSWER:** Defendants admit the allegations in this paragraph.

4. Defendants C. S. JOHNSON (#16589), C. BADY (#11453), were Police Officers with the Chicago Police Department and acted under color of statutes, customs, ordinances and usage of the State of Illinois, the City of Chicago, and the Chicago Police Department and within the scope of their employment with the Defendant City of Chicago. All of the Defendants are sued in their individual capacity.

**ANSWER:** **Defendants admit that at all times relevant to the allegations contained in Plaintiff's Complaint, Defendant Officers were employed as Chicago Police Officers acting within the scope of employment and under color of law. Defendants deny that they engaged in any actionable conduct.**

## Statement of Facts Common to All Counts

5. On July 12, 2007, at about 10:00pm Plaintiff was near the location of 7800 S. Exchange, Chicago, Illinois.

**ANSWER:** Defendants admit the allegations in this paragraph.

6. On July 12, 2007, Defendant Bady was working with Defendant Johnson as part of an undercover prostitution mission.

**ANSWER:** Defendants admit the allegations in this paragraph.

7. On that date and time and at that location Defendants Bady and Johnson arrested Plaintiff and charged him with Prostitution: Soliciting for Business pursuant to an Ordinance of the City of Chicago, 10-8-515. Because of his arrest Felder was placed in handcuffs and transported to jail where he remained overnight.

**ANSWER:** **Defendants lack information or knowledge sufficient to form a belief as to the truth of whether Plaintiff remained in jail overnight. Defendants admit the remaining allegations in this paragraph.**

8. Plaintiff had not done any criminal act, nor did the Defendants have reasonable belief that any criminal act had been committed.

2

**ANSWER:**     **Defendants deny the allegations in this paragraph.**

9.   On September 12, 2007 the criminal case was non-suited and no further proceedings have occurred. On that date Felder demanded trial.

**ANSWER:**   **Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

10.   As part of the arrest, the City of Chicago seized the car owned by Plaintiff in that it was alleged that it was used to "solicit or patronize a prostitute or to commit an act of prostitution in violation of Section 8-8-060(d) of the municipal Code of Chicago.

**ANSWER:**     **Defendants admit the allegations contained in this paragraph.**

11.   As part of the arrest a picture of Felder, listing the charges placed against him, was posted on a website by the City of Chicago that was available to any person.

**ANSWER:**   **Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

12.   Plaintiff received no notice of any hearing as to his car and, by letter of August 27, 2007, Department of Administrative Hearings, City of Chicago, he was informed that he had been defaulted and that the total Judgment against him was $1170.00.

**ANSWER:**   **Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

13.   Plaintiff filed a timely Motion to Set-Aside Default, which was set for September 21, 2007 and was then continued to October 31. 2007.

**ANSWER:**   **Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

14.   The acts of the Defendants were without probable cause.

**ANSWER:**     **Defendants deny the allegations contained in this paragraph.**

15.   The acts of the Defendants caused the Plaintiff severe emotional distress and anxiety.

**ANSWER:**     **Defendants deny the allegations contained in this paragraph.**

17. The acts of the Defendants caused the Plaintiff to suffer injuries as described above.

**ANSWER:   Defendants deny the allegations contained in this paragraph.**

18. Plaintiff demands a trial by jury.

**ANSWER:   Defendants mutually request a trial by jury.**

COUNT I
(SECTION 1983 CIVIL RIGHTS VIOLATION)

19. Plaintiff repeats and realleges paragraphs 1-19 as if fully set forth herein.

**ANSWER:   Defendants repeat and reallege their answers to paragraphs 1-19 as if fully set forth herein.**

**WHEREFORE, Defendants respectfully request this Court enter judgment in their favor and against Plaintiffs, as to Count I of Plaintiff's Complaint and for any other relief this Court deems appropriate.**

COUNT II
(FALSE ARREST - ILLINOIS LAW)

20. Plaintiff repeats and realleges paragraphs 1-19 as of fully set forth herein.

**ANSWER:   Defendants repeat and reallege their answers to paragraphs 1-19 as if fully set forth herein.**

**WHEREFORE, Defendants respectfully request this Court enter judgment in their favor and against Plaintiffs, as to Count II of Plaintiff's Complaint and for any other relief this Court deems appropriate.**

COUNT III
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

21. Plaintiff repeats and realleges paragraphs 1-19 as of fully set forth herein.

**ANSWER:   Defendants repeat and reallege their answers to paragraphs 1-19 as**

if fully set forth herein.

**WHEREFORE, Defendants respectfully request this Court enter judgment in their favor and against Plaintiffs, as to Count III of Plaintiff's Complaint and for any other relief this Court deems appropriate.**

## AFFIRMATIVE DEFENSES

1. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2004).

2. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2004).

3. As public employees, defendants Coffe and Augle are immune from liability pursuant to 745 ILCS 10/2-201 (2004).

4. Under the Illinois Tort Immunity law, Defendants are not liable for any of the claims alleged because a public employee, as such, and acting within the scope of his/her employment is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2004).

5. Probable cause is an absolute defense to a §1983 false arrest claim and state law false arrest claims. Defendants had probable cause to arrest Plaintiff and there was no motivation of malice by Defendants.

6. The City is not liable for punitive damages. 745 ILCS 10/2-102; *City of Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981).

7. Defendants Coffee and Augle are government officials (police officers) who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted defendants, could have believed his/her actions to be lawful, in light of clearly established law and the information defendants possessed. Therefore, they are entitled to qualified immunity.

8. The City is not liable for its policies and practices under 42 U.S. §1983, unless its officers committed the underlying constitutional violation alleged. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

9. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages,

5

any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

10. Plaintiff is collaterally estopped from alleging that the Defendant Officers did not act pursuant to probable cause, and therefore, his Complaint must fail. After an administrative hearing on the very same incident and facts Plaintiff alleges in this Complaint, it was determined that Defendants acted with probable cause in seizing Plaintiff's vehicle for its use in solicitation of a sex act. The Supreme Court has recognized the binding effect of issues previously determined by an administrative hearing. "When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." *United States v. Utah Construction and Mining Co.*, 384 U.S. 394, 422 (1966); *see also, University of Tennesee v. Elliot*, 478 U.S. 788, 799 (1986); *Reich v. City of Freeport*, 527 F.2d 666, 671 (1976); *Sangirardi v. Village of Stickney*, 2003 WL 21003716, *3 (N.D. Ill.) (2003) (Res Judicata and collateral estoppel apply to administrative decisions that are adjudicatory, judicial, or quasi-judicial in nature).

If Plaintiff is estopped from alleging that the Defendants acted without probable cause, Defendants are entitled to judgment as a matter of law as to Plaintiff's Complaint. Probable cause is an absolute bar to a claim for false arrest. *Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir. 1991). Also, if Defendants acted pursuant to probable cause, it cannot be maintained that they acted with the intent to inflict emotional distress on Plaintiff. *Sounders v. City of Chicago*, 299 F.Supp.2d 869 (N.D. Ill. 2004).

11. In Illinois, it is clear that punitive damages cannot be sanctioned as an additional recovery in an action for intentional infliction of severe emotional distress, since the alleged outrageous quality of the defendant's conduct forms the basis of the action. *Knierim v. Izzo*, 22 Ill.2d 73, 88, 174 N.E.2d 157, 165 (1961); *Gragg v. Calandra*, 297 Ill. App. 3d 639, 649, 696 N.E.2d 1282, 1290 (2nd Dist. 1998); *Morrison v. Sandell*, 112 Ill. App. 3d 1057, 1060, 446 N.E.2d 290, 292 (4th Dist. 1983). Consequently, the rendition of compensatory damages is sufficiently punitive. *Knierim*, 22 Ill.2d at 88, 174 N.E.2d at 165; *Morrison*, 112 Ill. App. 3d at 1060, 446 N.E.2d at 292. In *Morrison*, the Court held that the Plaintiffs' claim seeking punitive damages for the intentional infliction of emotional distress was properly dismissed. *Morrison*,112 Ill. App. 3d at 1060, 446 N.E.2d at 292. Here, in Counts VII and VIII of their Amended Complaint, Plaintiffs seek punitive damages for the alleged intentional infliction of emotional distress by the Defendants. As Illinois does not permit the recovery of punitive damages for the intentional infliction of emotional distress, the Plaintiffs' prayer for the same must be stricken.

12. Defendants are absolutely immune for any testimony they may have given in Plaintiffs' underlying criminal case. *See Briscoe v. LaHue*, 460 U.S. 325 (1983).

**JURY DEMAND**

Defendants demand trial by Jury.

                                                            Respectfully submitted,

                                                            /s/ David Selmer
                                                            DAVID N. SELMER
                                                           Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-6905
(312) 744-6566 (Fax)
Atty. No. 6283972

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, EASTERN DIVISION

| | |
|---|---|
| ROBERT L. FELDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 07 C 6501 |
| v. | ) |
| | ) Judge Grady |
| CITY OF CHICAGO, | ) |
| C. S. JOHNSON (#16589) | ) Magistrate Judge Cole |
| C. BADY (#11453), | ) |
| | ) JURY DEMAND |
| Defendants | ) |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

To:   All counsel of record

**PLEASE TAKE NOTICE** that on **January 30, 2008,** the Defendants filed their **ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division. A copy of that document is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the person named above at the address shown this **30th day of January, 2008.**

Respectfully submitted,

/s/ David Selmer
DAVID SELMER
Assistant Corporation Counsel

30 N. LaSalle, Ste. 1400
Chicago, Illinois 60602
(312)744.6905
Attorney No. 06283972