FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. FELDER, | ) | |
|     Plaintiff, | ) | |
| | ) | 07C 6501 |
| v. | ) | Judge Grady |
| | ) | Magistrate Judge Cox |
| CITY OF CHICAGO, | ) | Jury Demand |
| C.S. JOHNSON (#16589), | ) | |
| C. BADY (#11453) | ) | |
|     Defendants. | ) | |

## MOTION TO COMPEL

NOW COMES, Plaintiff ROBERT FELDER, by and through his attorney, LONNY BEN OGUS and JOSEPH J. CAVANAUGH, and requests that this Honorable Court compel Defendants CHARLIE JOHNSON, and CHERRON BADY to reappear for their depositions, and answer properly, completely and without interruption, to wit:

    1. Plaintiff FELDER alleges that he was falsely arrested for solicitation of a prostitute. His criminal case was dismissed. He now sues the arresting officers JOHNSON and BADY for making the false arrest.

    2. At issue is whether there was probable cause to arrest FELDER.

    3. During the depositions of both Bady (the undercover officer posing as a prostitute while walking on a public street) and Johnson (the backup officer who was on the public street near Bady), Defendants' attorney made numerous inappropriate, argumentative, and suggestive objections.

    4. The Defendants failed to provide clear answers to certain questions.

    5. Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. Pro. 26(b)(1). No issued is raised as to any privilege.

6. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

7. Any objection made during a deposition must be stated in a non-argumentative and non-suggestive manner. Fed. R. Civ. Pro. 30(d)(1). When the Court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose sanctions upon the persons responsible, including any reasonable costs and attorney's fees incurred by any party as a result. Fed. R. Civ. Pro. 30(d)(3). In the course of deposition, an attorney is prohibited from attacking every question posed by opposing counsel so as to prevent elicitation of any meaningful testimony from the witness, and also may not object to questions in such a way as to coach the witness. *Odone v. Croda Intern.* 170 F.R.D. 66 (D.D.C. 1997). The Court can award reasonable expenses, such as attorney fees incurred by filing and preparing a motion to compel discovery, due to their inappropriate behavior, and for preventing full discovery from being taken. *In re Vitamins Antitrust Litigation*, 216 F.R.D. 168 (E.D.Pa. 1992).

8. Plaintiff alleges that he never offered or agreed to the solicitation from Bady. Bady admits that she, not Plaintiff, initially offered to perform a sexual act for $10.00 upon the Plaintiff and alleges that he agreed.

9. The questions in the deposition sought to probe what occurred, the credibility of the Defendants, their training, the others involved and their duties, and their understanding of "probable cause" which had to be determined by them in order to arrest Plaintiff.

10. Plaintiff apologizes to the Court for attaching such lengthy depositions, but it is necessary to read these depositions in order to understand exactly what took place.

11. Eventually, Plaintiff's attorney offered Defendant an objection to every question (Bady Deposition, attached hereto as Exhibit A 1-16; Specifically at 94-A (6)). After first refusing that offer (Bady at 94 A (6)), Defense counsel eventually agreed (Bady at 96 A (6)). Very shortly thereafter, he again continued his original course of action of multiple and inappropriate objections (Bady at 97 A(7)).

12. While the entire deposition must be read to get the proper view of what was occurring, Plaintiff specifically calls to the courts attention:

   a. Johnson Deposition (attached hereto as Exhibit B (1-7)) at p. 38, lines 20-22, B (3).

   b. Johnson at 79-94, B (5-6).

   c. Bady at 22, lines 3-14, A (2).

   d. Bady at 33, lines 13-21, A (3).

   e. Bady at 37, lines 12-17, A (3).

   f. Bady at 49, line 22, to page 50, line 4, A (4).

   g. Bady at 79, line 14 to page 81, line 19, A (5).

   h. Bady at 82, line 12 to page 85, line 23, A (6).

   i. Bady at 86, lines 8-20, A (6).

   j. Bady at 91, line 9 to page 95, line 24, A (6).

   k. Bady at 96 – 105, line 8, A (6-7).

   l. Bady at 107, line 9 to page 117, line 19, A (7-8).

   m. Bady at 122, line 12 to page 128, line 7, A (8).

   n. Bady at 134, line 6, to page 135, line 11, A (9).

   o. Bady at 141, line 20 to page 145, line 3, A (9-10).

   p. Bady at 147, line 1, to page 148, line 22, A (10).

    q.  Bady at 163, line 13, to page 164, line 5, A (11).

    r.  Bady at 170, line 6 to page 171, line 5, A (11).

    s.  Bady at196, line 7 to page 201, line 12, A (13).

    t.  Bady at 214, line 18, to page 215, line 2, A (14).

    u.  Bady at 218, line 18, to page 220, line 10, A (14).

13. The deposition of Bady took four hours, mostly because of the Defendants' refusal to answer simple questions, their answering unasked questions, the asking for the question to be repeated (sometime over and over) and a plethora of inappropriate objections whose purpose was to throw the deposition off track, and to prevent full and fair discovery from taking place.

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order Compelling the Defendants to again appear for depositions and to actually answer the questions asked of them, to prevent inappropriate, and repeated objections, and to require Defendants to assess costs, attorney's fees and any other relief that this Honorable Court believes is proper.

                                                                    /s/ Lonny Ogus  
                                                                   Attorney for Plaintiff

39 S. LaSalle St. Ste. 1400  
Chicago, IL  60603  
312-332-7374